IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSE LEONARDO BRITO GUEVARA, and BEATRIZ ZULAY GUEVARA FLORES<br>  *Petitioners*<br><br>v.<br><br>SAMANTHA ESTEFANIA FRANCISCO CASTRO<br>  *Respondent* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:23-CV-345-SDJ<br><br>JURY TRIAL DEMANDED |

**RESPONDENT SAMANTHA ESTEFANIA FRANCISCO CASTRO'S
ANSWER AND DEFENSES TO PETITIONERS' COMPLAINT**

COMES NOW Respondent, SAMANTHA ESTEFANIA FRANCISCO CASTRO ("Respondent"), by and through counsel, and for her Answer and Defenses to the Complaint dated April 19, 2023 ("the Complaint") by Petitioners JOSE LEONARDO BRITO GUEVARA and BEATRIZ ZULAY GUEVARA FLORES, (collectively, "Petitioners"), admits, denies, and alleges as set forth herein:[1]

### I.   PARTIES

1. Respondent admits only that Petitioners brought this action under the United Nations Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act. Respondent is without knowledge sufficient to admit or deny the other allegations of Paragraph 1 of the Complaint, and therefore denies them.

---

[1] Respondent's Answer is filed expressly subject to Respondent's pending Motion to Transfer Venue to the Northern District of Texas (Dkt. # 33) and without waiving the relief sought therein.

**RESPONDENT SAMANTHA ESTEFANIA FRANCISCO CASTRO'S
ANSWER AND DEFENSES TO PETITIONERS' COMPLAINT -- PAGE 1 OF 12**

2. Paragraph 2 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 2 are denied.

3. Paragraph 3 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 3 are denied.

4. Paragraph 4 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 4 are denied.

5. Respondent denies that the Child is four years old but otherwise admits the allegations in Paragraph 5 of the Complaint.

6. Respondent admits only that Ms. Guevara is a citizen and resident of Venezuela, the grandmother of the Child, and mother of Mr. Brito. Respondent denies the remainder of Paragraph 6 of the Complaint.

7. Respondent admits only that she is the Child's mother and that she and the Child reside in the Northern District of Texas—and have done so at all relevant times. Respondent denies the remainder of Paragraph 7 of the Complaint and specifically denies that she has wrongfully removed the Child to the United States.

8. Respondent admits only that Petitioners seek to secure the return of the Child to Venezuela. To the extent not expressly admitted, the allegations in Paragraph 8 are denied.

## II.    JURISDICTION AND VENUE

9. Respondent admits Paragraph 9 of the Complaint.

10. Respondent admits Paragraph 10 of the Complaint.

11.     Respondent admits that she is a citizen of Venezuela. To the extent not expressly admitted, the allegations in Paragraph 11 are denied.

12.     Respondent admits only that, subject to the mandatory venue requirement in 22 U.S.C. § 9003(b), United States federal district courts have jurisdiction over cases under ICARA. To the extent not expressly admitted, the allegations in Paragraph 12 are denied.

13.     Respondent admits only that what appears to be a December 30, 2022, letter from the United States Department of State to Mia L. Falzarano is attached as Exhibit B to the Complaint but denies the remainder of the allegations in Paragraph 13 of the Complaint.

### III.     STATEMENT OF FACTS

14.     Respondent admits Paragraph 14 of the Complaint.

15.     Respondent denies the Child was born on March 5, 2018 but admits she was born in Peña, Yaracuy, Venezuela. Respondent is unable to either admit or deny the accuracy or the authenticity of the birth certificate attached as described in Paragraph 15 of the Complaint and therefore admits only that Exhibit C to the Complaint speaks for itself but otherwise, unless expressly admitted, denies the allegations in Paragraph 15.

16.     Respondent admits Paragraph 16 of the Complaint.

17.     Respondent admits only that the Child was born in May 2018 and that after the Child was born, she and Mr. Brito lived for a year with Ms. Guevara. To the extent not expressly admitted, the allegations in Paragraph 17 are denied.

18.     Respondent admits only that after roughly a year she moved out of Ms. Guevara's home and into her own parent's home. To the extent not expressly admitted, the allegations in Paragraph 18 are denied. Respondent specifically denies that she alone moved out of Ms.

Guevara's home and that there was any agreement that the Child would live at Ms. Guevara's home under Petitioners' joint care.

19. Respondent admits only that Mr. Brito—alone—moved to Spain in or around August of 2021. To the extent not expressly admitted, the allegations in Paragraph 19 are denied. Respondent specifically denies that Ms. Guevera was granted any custody rights and that being under Ms. Guevara's care would have been in the Child's best interest.

20. Respondent admits only that the Child was born in Venezuela and denies the remainder of Paragraph 20 of the Complaint. Respondent specifically denies that the Child resided with Petitioners in Ms. Guevara's home or was wrongfully removed.

21. Respondent admits only that prior to Mr. Brito leaving her and the Child to move to Spain without them, she informed Petitioners that she was planning to bring the Child to the United States. Respondent denies the remainder of Paragraph 21 of the Complaint.

22. Respondent is without knowledge sufficient to admit or deny the allegations of Paragraph 22 of the Complaint, and therefore denies them.

23. Respondent admits only that before she left for the United States, Mr. Brito communicated with the Child when he talked to Ms. Guevara and she connected him to Respondent to talk to the Child. To the extent not expressly admitted, the allegations in Paragraph 23 of the Complaint are denied. Respondent specifically denies that the Child remained living at Ms. Guevara's house and that Ms. Guevara performed all day-to-day care of her.

24. Respondent denies the allegations in Paragraph 24 of the Complaint.

25. Respondent admits only that Mr. Brito—alone—moved to Spain approximately two months before November 27, 2021. Respondent is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 25 of the Complaint, and therefore denies them.

26.     Respondent admits only that she entered the United States with the Child and denies the remainder of Paragraph 26 of the Complaint.

27.     Respondent denies the allegations of Paragraph 27 of the Complaint.

28.     Respondent admits only that Mr. Brito contacts her on a somewhat regular basis but denies that he always asks to speak with the Child and that she prevents him from talking to the Child.  To the extent not expressly admitted, the allegations in Paragraph 28 of the Complaint are denied.

29.     Respondent admits only that Mr. Brito has provided small amounts of money to Respondent on scarce occasions, the majority of which occurred after the time the Complaint was filed, and otherwise denies the allegations of Paragraph 29 of the Complaint.

30.     Respondent admits only that she intends to keep the Child in the United States and denies the remainder of Paragraph 30 of the Complaint.

31.     Respondent admits only that Ms. Guevara once has asked Respondent to bring the Child back to Venezuela, and that Respondent while traveling to the United States blocked Ms. Guevara on WhatsApp only after receiving threatening messages from Ms. Guevara. To the extent not expressly admitted, the allegations in Paragraph 31 of the Complaint are denied.  Respondent specifically denies that she has blocked Ms. Guevara on the new WhatsApp number she obtained after arriving in the United States (which number Mr. Brito has used to contact Respondent since her arrival), and specifically denies that Ms. Guevara has tried to contact Respondent between November 2021 and the filing of this lawsuit.

32.     Respondent denies the allegations in Paragraph 32 of the Complaint.

33.     Respondent is without knowledge sufficient to admit or deny the allegations of Paragraph 33 of the Complaint, and therefore denies them.

34. Respondent admits only that she did not respond to what appears to be a November 7, 2022, letter from the State Department, given that she had never seen the document before it was provided to her attached to the Complaint as Exhibit E. To the extent not expressly admitted, the allegations in Paragraph 34 of the Complaint are denied.

35. Respondent admits only that she has lived with the Child at different locations in the United States. To the extent not expressly admitted, the allegations in Paragraph 35 of the Complaint are denied.

36. Respondent denies the allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 37 are denied.

38. Paragraph 38 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 38 are denied.

39. Paragraph 39 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 39 are denied.

40. Paragraph 40 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 40 are denied.

41. Paragraph 41 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 41 are denied.

42. Paragraph 42 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, Respondent admits only that months after Mr. Brito had left the Child in Venezuela, she brought the Child to the United States. To the extent the allegations in Paragraph 42 are not expressly admitted, they are denied.

43. Paragraph 43 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 43 are denied.

44. Respondent denies that the Child resided solely with Ms. Guevara and that the Child was wrongfully removed. Respondent is without knowledge sufficient to admit or deny the other allegations of Paragraph 44 of the Complaint and therefore denies them and/or such allegations contain statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the remainder of the allegations in Paragraph 44 are denied.

45. Respondent admits only that she removed the Child from Venezuela. The remainder of Paragraph 45 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the remainder of the allegations in Paragraph 45 are denied.

46. Petitioners admit only that Mr. Brito—alone—left Venezuela and the Child months prior to Respondent and the Child traveling to the United States, and that Mr. Brito has since remained a resident of Spain. Respondent is without knowledge sufficient to admit or deny the other allegations of Paragraph 46 of the Complaint and therefore denies them and/or such allegations contain statements and conclusions of law which do not require a response from

Respondent. To the extent that a response is required, the remainder of the allegations in Paragraph 46 are denied.

47. Respondent denies the allegations in Paragraph 47 of the Complaint.

## IV.     CAUSES OF ACTION

A. **Count One—Claim for Relief Under The Hague Convention**

48. Respondent incorporates by reference all her statements set forth in the foregoing paragraphs.

49. Paragraph 49 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, Respondent admits only that The Hague Convention and ICARA speak for themselves. To the extent not expressly admitted, the allegations in Paragraph 49 are denied.

50. Paragraph 50 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, Respondent admits only that The Hague Convention and ICARA speak for themselves. To the extent not expressly admitted, the allegations in Paragraph 50 are denied.

51. Paragraph 51 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, Respondent admits only that The Hague Convention and ICARA speak for themselves. To the extent not expressly admitted, the allegations in Paragraph 51 are denied.

52. Paragraph 52 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, Respondent admits only that The Hague Convention and ICARA speak for themselves. To the extent not expressly admitted, the allegations in Paragraph 52 are denied.

53. Respondent admits only that the Child resided in Venezuela prior to moving to the United States. The remainder of Paragraph 53 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a further response is required, to the extent not expressly admitted, the allegations in Paragraph 53 are denied.

54. Paragraph 54 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 54 are denied.

55. Respondent denies wrongfully removing the Child from Venezuela. The remainder of Paragraph 55 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a further response is required, the allegations in Paragraph 55 are denied.

56. Paragraph 56 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, the allegations in Paragraph 56 are denied.

**B.    Count Two—Attorney's Fees and Costs**

57. Respondent incorporates by reference all her statements set forth in the foregoing paragraphs.

58. Respondent admits that Petitioners seek relief pursuant to 22 U.S.C. § 9007, but denies that Petitioners are entitled to the relief requested.

### V.    NOTICE

59. Respondent incorporates by reference all her statements set forth in the foregoing paragraphs.

60. Paragraph 60 contains statements and conclusions of law which do not require a response from Respondent. To the extent that a response is required, Respondent admits that she was entitled to be served in accordance with the Federal Rules of Civil Procedure but denies that Petitioners properly served her pursuant to those Rules.

## VI.   RELIEF REQUESTED

61. Respondent denies that Petitioners are entitled to any of the relief they seek by way of their Complaint. Respondent specifically denies that the burden is on her to disprove Petitioners' case as opposed to Petitioners meeting their statutory burden to establish their entitlement to the relief they seek.

## VII.   AFFIRMATIVE AND OTHER DEFENSES

62. Respondent asserts the following affirmative and other defenses to the Complaint. In so doing, Respondent does not assume or shift any burden of proof on any issue that is Petitioners' burden as a matter of law. Respondent expressly reserves the right to amend or supplement these defenses as additional facts become known.

63. Respondent asserts that Ms. Guevara's claims are barred in whole or in part because she has no underlying basis upon which to claim a custody right and therefore lacks standing.

64. Respondent asserts that Petitioners' claims are barred in whole or in part because the removal action was not commenced within one year of the allegedly wrongful removal of the Child, and the Child is well-settled in her new environment.

65. Respondent asserts that Petitioners' claims are barred in whole or in part because Petitioners were not actually exercising any purported custody rights at the time of removal or retention, consented or acquiesced to the removal, and/or have not exercised or tried to exercise any purported custody rights after removal.

66.     Respondent asserts that Petitioners' claims are barred in whole or in part because there is a grave risk that the Child's return will expose her to physical or psychological harm or otherwise place her in an intolerable situation.

67.     Respondent asserts that Petitioners' claims are barred in whole or in part because principles relating to the protection of human rights and fundamental freedoms do not permit the return of the Child.

## VIII.  PRAYER

WHEREFORE, Respondent SAMANTHA ESTEFANIA FRANCISCO CASTRO prays that her Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings are had there be judgment herein in favor of Respondent, denying the relief sought by Petitioners and dismissing their claims with prejudice, at Petitioner's cost.

Dated: July 19, 2023                                         Respectfully submitted,

/s/ *Joakim G. Soederbaum*
Tracy L. McCreight
State Bar No. 24037064
tlmccreight@duanemorris.com
Ramsey Schultz (admitted *pro hac vice*)
State Bar No. 24130391
rschultz@dunanemorris.com
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, TX  78746-5435
Telephone:	512-277-2300
Facsimile:	512-277-2301

Leslie Ritchie Robnett
State Bar No. 24065986
lrrobnett@duanemorris.com
Joakim Soederbaum
State Bar No. 24091338
jsoederbaum@duanemorris.com
777 Main Street, Suite 2790
Fort Worth, TX 76102-5369
Telephone:	817-704-1000
Facsimile:	817-704-1001

**ATTORNEYS FOR RESPONDENT SAMANTHA ESTEFANIA FRANCISCO CASTRO**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2023, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel of record.

/s/ *Joakim G. Soederbaum*
Joakim G. Soederbaum